T.C. Summary Opinion 2012-37


UNITED STATES TAX COURT


IFEANYI DAVID ONYEKWENA AND ANN ADA ONYEKWENA, Petitioners
v. COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 23314-10S.              Filed April 26, 2012.


Ifeanyi David Onyekwena and Ann Ada Onyekwena, pro sese.

Lewis A. Booth II, for respondent.


SUMMARY OPINION


DEAN, Special Trial Judge: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent issued a notice of deficiency to petitioners in which he determined deficiencies of $32,025 and $36,270 for 2007 and 2008, respectively, as well as section 6662(a) accuracy-related penalties of $5,831 and $7,254 for 2007 and 2008, respectively. After concessions,[1] the issues for decision are whether petitioners: (1) received unreported income for 2007 and 2008; (2) are entitled to expense deductions claimed on Schedules C, Profit or Loss From Business, for 2007 and 2008 in excess of the amounts respondent allowed; (3) are liable for the section 72(t) additional tax on an early distribution from a qualified retirement plan; and (4) are liable for section 6662(a) accuracy-related penalties for 2007 and 2008.[2]

---

[1]Respondent concedes that petitioners are entitled to a deduction of $255 for legal and professional services expenses. Petitioners concede that the early distribution they received from an individual retirement account of $14,353 is unreported income for 2007.

[2]Other adjustments made to petitioners' Federal income tax returns for the years in issue are computational and will not be discussed.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by reference. Petitioners resided in Texas when they filed their petition.

Mr. Onyekwena (petitioner) operated several financial-related businesses during the years in issue. All of petitioner's businesses were run as sole proprietorships under the umbrella of David Financial Services. Only one Schedule C was filed with each of petitioners' joint Federal income tax returns for 2007 and 2008.

Respondent issued petitioners a notice of deficiency for 2007 and 2008. Respondent included in petitioners' income additional gross receipts of $74,516 and $101,218 for 2007 and 2008, respectively, that should have been reported on Schedule C. He also included an unreported individual retirement account (IRA) distribution of $14,353 for 2007. Respondent disallowed deductions for the following expenses claimed on Schedule C for 2007:

| Expense | Amount |
| --- | --- |
| Office | $1,470 |
| Repairs and maintenance | 3,698 |
| Supplies | 3,815 |
| Legal and professional services | 5,560 |
| Travel | 3,563 |

Respondent also disallowed deductions for the following expenses claimed on Schedule C for 2008:

| Expense | Amount |
| --- | --- |
| Office | $2,161 |
| Repairs and maintenance | 9,875 |
| Insurance | 5,800 |
| Legal and professional services | 6,045 |
| Travel | 4,997 |

Additionally, respondent determined that petitioners were liable for an additional tax of $1,662 for an early distribution from a qualified retirement plan and section 6662(a) accuracy-related penalties of $5,831 and $7,254 for 2007 and 2008, respectively.

## Discussion

Generally, the Commissioner's determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); see INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111, 115 (1933). In some cases the burden of proof with respect to relevant factual issues may shift to the Commissioner under section 7491(a). Petitioners did not argue or present evidence that they satisfied the requirements of section 7491(a). Therefore, petitioners bear the burden of proof with respect to the adjustments in the notice of deficiency.

I.    Unreported Income

Gross income is defined as including all income from whatever source derived.  Sec. 61(a).  Gross income from business is specifically included in that definition.  Sec. 61(a)(2).

Section 6001 requires a taxpayer to maintain sufficient records to allow for the determination of a taxpayer's correct tax liability.  Petzoldt v. Commissioner, 92 T.C. 661, 686 (1989).  If a taxpayer fails to maintain or does not produce adequate books and records, the Commissioner is authorized to reconstruct the taxpayer's income.  Sec. 446(b); Petzoldt v. Commissioner, 92 T.C. at 686-687.  Indirect methods may be used for this purpose.  See Holland v. United States, 348 U.S. 121 (1954).  The Commissioner's reconstruction need only be reasonable in light of all the surrounding facts and circumstances.  Petzoldt v. Commissioner, 92 T.C. at 687.  Bank deposits constitute prima facie evidence of income.  Tokarski v. Commissioner, 87 T.C. 74, 77 (1986).  The bank deposits method of determining income assumes that all the money deposited into a taxpayer's bank account during a specific period constitutes taxable income.  Price v. United States, 335 F.2d 671, 677 (5th Cir. 1964).  The Commissioner, however, must take into account any nontaxable source or deductible expense of which he has knowledge.  Id.  The taxpayer bears the burden of demonstrating that the Commissioner's determination

is erroneous. Mallette Bros. Constr. Co. v. United States, 695 F.2d 145, 148-149 (5th Cir. 1983); Kling v. Commissioner, T.C. Memo. 2001-78; Seidenfeld v. Commissioner, T.C. Memo. 1995-61.

Tax Compliance Officer Alison Carillon (TCO) performed a bank deposit analysis after she summonsed petitioners' bank records. Petitioners reported gross receipts of $27,580 and $40,984 for 2007 and 2008, respectively, on their Federal income tax returns. Through the bank deposit analysis, the TCO determined that petitioners should have reported on Schedule C gross receipts of $102,096 and $142,202 for 2007 and 2008, respectively.

Petitioners argue that the TCO did not take into account all of the loans and transfers between accounts when she performed the bank deposit analysis. Petitioner specifically testified about Wells Fargo Bank loans and a Security Benefit tax-sheltered annuity. The TCO testified that the annuity and some of the loans were part of her analysis and were not included as income. The origination dates of some of the loans could not be confirmed. The TCO did not include those loans as nontaxable sources of income in her analysis.

Hundreds of pages of petitioners' bank records were entered into evidence. Petitioners do not point to any specific transactions to prove that those transactions are not taxable income. Instead they argue that it is clear from their bank records

that what respondent determined was taxable income is simply loans and transfers between their accounts. In essence petitioners ask the Court to perform another bank deposit analysis without any aid or further explanation from them. The Court will not sift through voluminous documents to attempt to match the evidence to respondent's adjustments. See, e.g., Hale v. Commissioner, T.C. Memo. 2010-229. Petitioners have not met their burden of proving that respondent's determinations made through the bank deposit analysis are erroneous. Therefore, respondent's determination to include unreported gross receipts that should have been reported on Schedule C in petitioners' income is sustained.

II.     Deductions

Deductions and credits are a matter of legislative grace, and the taxpayer bears the burden of proving that he or she is entitled to any deduction or credit claimed. Rule 142(a); Deputy v. du Pont, 308 U.S. 488, 493 (1940); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Additionally, a taxpayer must substantiate all expenses for which a deduction is claimed. Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976). Section 162 generally allows a deduction for ordinary and necessary

expenses paid or incurred during the taxable year in carrying on a trade or business. No deduction is allowed for personal expenses. Sec. 262.

Some expenses can be estimated if a taxpayer fails to properly substantiate the entire amount of the expense. Cohan v. Commissioner, 39 F.2d 540 (2d Cir. 1930). In order for the Court to estimate the amount of an expense, the Court must have some basis upon which an estimate may be made. Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). Certain expenses, however, require strict substantiation. See sec. 274(d).

Respondent disallowed a portion of petitioners' claimed deductions for office expenses for 2007 and 2008, all of their claimed deductions for repairs and maintenance expenses for 2007 and 2008, a portion of their claimed deductions for supplies expenses for 2007, all of their claimed deductions for insurance expenses for 2008, all of their claimed deduction for legal and professional services expenses for 2007 and a portion of their claimed deduction for 2008, and all of their claimed deductions for travel expenses for 2007 and 2008.

A.    Office, Repairs and Maintenance, Supplies, and Insurance Expenses

Petitioners entered into evidence their bank account statements, a table of expenses for each year in issue generated from their bank account statements, and canceled checks to substantiate their expenses.

Petitioners' bank statements and tables of expenses generated from the bank statements do not substantiate their claimed deductions for business expenses. The statements merely show where petitioners made purchases and the amounts they spent. The tables do nothing more than add together all of the unsubstantiated purchases and categorize them.

Additionally, the memo lines of the canceled checks do little to substantiate petitioners' claimed deductions for expenses. It is unclear from the checks' memo lines whether the expenses were business or personal expenses. For example, there is a check made out to petitioner wife for $1,500. The memo line for that check indicates that the amount paid was for repairs and maintenance. Petitioner did not testify or present any other evidence about what repairs and maintenance his wife performed for his business. Several checks' memo lines indicate that the amounts paid were for "A/C REPAIR". No further evidence was provided to explain whether the repairs were performed for business or personal reasons. Petitioners also entered into evidence checks for phone expenses with no indication of whether the checks were for business or personal expenses. Petitioners have provided no basis upon which an estimate of their expenses can be made. See Vanicek v. Commissioner, 85 T.C. at 742-743. Therefore, petitioners are not entitled to deductions claimed for office expenses, repairs and maintenance expenses,

supplies expenses, and insurance expenses in amounts greater than respondent allowed.

### B.    Legal and Professional Fees

In addition to his financial businesses, petitioner has also operated a healthcare business called David Health Care Services (David Health).  Petitioner testified that David Health had not done any business since 2002 and that all of the legal and professional fees expenses related to litigation for David Health.

"In order for an expenditure to be deductible as a business expense, it must relate to activities which amount to the present carrying on of an existing business." Buckner v. Commissioner, T.C. Memo. 1981-165 (citing Reisinger v. Commissioner, 71 T.C. 568, 572 (1979) and Koons v. Commissioner, 35 T.C. 1092, 1100 (1961)).  By petitioner's own admission at trial, David Health was not "carrying on" any business in 2007 or 2008.  Petitioners are not entitled to deductions claimed for David Health's legal and professional fees expenses for 2007 and 2008 in excess of the amounts respondent concedes and has already allowed.

### C.    Travel Expenses

Travel expenses, including meals and lodging, must be substantiated by adequate records or sufficient evidence corroborating the taxpayer's own

statement showing the: (1) amount of such expenditure, (2) time and place of the travel, and (3) business purpose of the expense. Sec. 274(d); sec. 1.274-5T(a) and (b), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

To satisfy the adequate records requirement of section 274(d), the taxpayer shall maintain an account book, a diary, a log, a statement of expense, trip sheets, or similar record and documentary evidence that in combination are sufficient to establish each element of the expenditure or use. Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).

If a taxpayer does not have adequate records to substantiate each element of an expense, he may alternatively establish an element by "his own statement, whether written or oral, containing specific information in detail as to such element" and by "other corroborative evidence sufficient to establish such element." Sec. 1.274-5T(c)(3), Temporary Income Tax Regs., 50 Fed. Reg. 46020 (Nov. 6, 1985).

The Court cannot estimate a taxpayer's expenses with respect to the items enumerated in section 274(d). Sanford v. Commissioner, 50 T.C. 823, 827 (1968), aff'd per curiam, 412 F.2d 201 (2d Cir. 1969); Rodriguez v. Commissioner, T.C. Memo. 2009-22 (the strict substantiation requirements of section 274(d) preclude the Court and taxpayers from approximating certain expenses).

Petitioners' table of expenses for each year in issue lists the category "travel". They provided no further substantiation for those expenses. Petitioners have failed to meet the strict substantiation requirements of section 274. See sec. 274(d); sec. 1.274-5T(a) and (b), Temporary Income Tax Regs., supra. Therefore, respondent's determination to disallow petitioners' claimed deductions for travel expenses is sustained.

III.    Section 72(t) Additional Tax

Petitioners concede they had unreported income from an IRA distribution. See supra note 1. Respondent determined that petitioners were liable for the section 72(t) additional tax for an early withdrawal from a qualified plan. "If any taxpayer receives any amount from a qualified retirement plan * * *, the taxpayer's tax under this chapter for the taxable year in which such amount is received shall be increased by an amount equal to 10 percent of the portion of such amount which is includible in gross income." Sec. 72(t)(1).

Petitioners state in their petition that the "IRA distributions were used for business support in 2007." Petitioner made no further argument at trial against the imposition of the additional tax. Petitioners' use of the IRA distribution for business support is not one of the distributions to which section 72(t)(1) shall not apply. See

sec. 72(t)(2).  Respondent's determination to impose the additional tax under section 72(t) is sustained.

IV.   Section 6662(a) Accuracy-Related Penalty

Section 6662(a) and (b)(2) imposes a 20% accuracy-related penalty on the portion of an underpayment that is attributable to  a substantial understatement of income tax.[3]  An understatement of income tax is the excess of the amount of income tax required to be shown on the return for the taxable year over the amount of income tax that is shown on the return, reduced by any rebate.  Sec. 6662(d)(2)(A).  An understatement is substantial if it exceeds the greater of 10% of the tax required to be shown on the return for the taxable year or $5,000.  Sec. 6662(d)(1)(A).

The Commissioner bears the burden of production with respect to the applicability of an accuracy-related penalty determined in a notice of deficiency. Sec. 7491(c).  In order to meet that burden, the Commissioner need only make a prima facie case that imposition of the penalty is appropriate.  Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  Once that burden is met, the taxpayer bears the burden of proving that the accuracy-related penalty does not apply

---

[3]The Court need not determine whether petitioners are liable for the accuracy-related penalty due to negligence.

because of reasonable cause, substantial authority, or the like. Secs. 6662(d)(2)(B), 6664(c); Higbee v. Commissioner, 116 T.C. at 449. Respondent has met his burden of production for an accuracy-related penalty based on a substantial understatement of income tax because petitioners' understatement of income tax for each year in issue exceeds the greater of 10% of the tax required to be shown on the return for the taxable year or $5,000.

An accuracy-related penalty is not imposed on any portion of the underpayment as to which the taxpayer acted with reasonable cause and in good faith. Sec. 6664(c)(1). Section 1.6664-4(b)(1), Income Tax Regs., incorporates a facts and circumstances test to determine whether the taxpayer acted with reasonable cause and in good faith. The most important factor is the extent of the taxpayer's effort to assess his or her proper tax liability. Id.

Petitioner testified that in addition to being a certified public accountant, he was also a certified fraud examiner for the State of Texas, a certified internal auditor, and that he helped individuals with permanent life insurance contracts. Although petitioner offered evidence that he prepared other individuals' tax returns, he offered no evidence to prove that he acted with reasonable cause and in good faith when he prepared his own. Therefore, respondent's determination to impose an accuracy-related penalty for each of the years in issue is sustained.

We have considered all of petitioners' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.